FILED' 08 APR 23 07:57 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS BROWER,                                  Civ. No. 06-1273-AA

        Petitioner,                          OPINION AND ORDER

    v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

        Respondent.

---

Anthony D. Bornstein
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204
    Attorney for Petitioner

Hardy Myers
Attorney General
Mark Lay
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97310
    Attorneys for Respondent

1 - OPINION AND ORDER

AIKEN, Judge:

Petitioner Thomas Brower, an inmate at the Oregon State Penitentiary, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel prior to pleading no-contest to two counts of first-degree robbery. Petitioner alleges this rendered his pleas involuntary and the resulting conviction and consecutive 90-month sentences are invalid under the Sixth Amendment. Respondent maintains that petitioner's pleas are valid and the court should defer to the state court decisions against petitioner. I agree with respondent and deny the petition.

## I. BACKGROUND

On March 1, 2002, petitioner pled no contest in Multnomah County Circuit Court to two counts of first degree robbery with a firearm. Prior to the plea, petitioner had read and signed a plea petition that provided for consecutive 90-month sentences. At the hearing, the judge advised petitioner as follows:

> You're receiving a 90-month sentence less credit for time served on the count -- credit for time served would come off the first 90-month sentence. It would then be followed by another 90-month sentence. And there would be no reduction other than credit for time served.

Respondent's Ex. 105, p. 6. Petitioner said that he understood this, and that he was satisfied with his attorney's advice. Id. pp. 7-8. Pursuant to Or. Rev. Stat. § 137.700, otherwise known as Measure 11, the court then imposed consecutive 90-month sentences,

2 - OPINION AND ORDER

one for each of the two robbery victims.

Petitioner did not appeal the convictions. In April 2004, petitioner filed a petition for post-conviction relief ("PCR") in Malheur County Circuit Court. Respondent's Ex. 106. He argued that his court-appointed trial counsel, Andrew Kohlmetz, failed to inform him that his pleas would result in two consecutive 90-month sentences rather than two concurrent 90-month sentences. Petitioner also alleged that his counsel had failed to inform him that pleading no contest to a stipulated plea would preclude a concurrent sentence. As evidence, petitioner offered an Oregon State Bar Complaint he filed in April 2002 relating how he had not understood that his pleas would result in consecutive sentences due to the ineffectiveness of Mr. Kohlmetz. Respondent's Ex. 116. Respondent filed an affidavit from Mr. Kohlmetz specifically refuting petitioner's claims. Respondent's Ex. 124. After a May 18, 2004 hearing at which petitioner testified about his alleged misunderstanding, the court ("PCR court") rejected petitioner's claims in a judgment issued on June 21, 2004. Respondent's Ex. 127. The PCR court found that petitioner's pleas "were knowing, voluntary, and intelligent," and that his claim was "not credible." Id. p. 2.

Petitioner appealed that denial of relief to the Oregon Court of Appeals, which granted respondent's motion for summary affirmance on January 18, 2006. Respondent's Ex. 131. The court

3 - OPINION AND ORDER

found that evidence in the record supported the PCR court's finding that petitioner understood that he had agreed to consecutive sentences. Petitioner then submitted a petition for review to the Oregon Supreme Court, which denied review on March 21, 2006. Respondent's Ex. 133.

On August 28, 2006, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner limits his claim to the argument that his trial counsel failed to fully and properly advise him that his two pleas would result in consecutive, rather than concurrent, sentences.

## II. LEGAL FRAMEWORK

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEPDA"), a federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in a state court, unless the state court ruling

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under § 2254(d)(1), a state court decision is "contrary to" federal law only if it fails to apply the correct Supreme Court authority, or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. Williams v. Taylor, 529 U.S. 362,

4 - OPINION AND ORDER

405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"In Williams and in subsequent decisions the Supreme Court has repeatedly emphasized that 'an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting Williams, 529 U.S. at 410). Thus, "[e]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Penry v. Johnson, 532 U.S. 782, 793 (2001); see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (rejecting Ninth Circuit's "clear error" standard for determining whether application of federal law by a state court is unreasonable under the AEDPA).

The Sixth Amendment to the United States Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." The Supreme Court has held that Strickland v. Washington, 466 U.S. 668 (1984), sets forth the "clearly established federal law" governing ineffective counsel claims. Williams, 529 U.S. at 390-91. Under Strickland,

5 - OPINION AND ORDER

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
>
> To establish ineffectiveness, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." To establish prejudice he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Williams, 529 U.S. at 390-91 (quoting Strickland, 466 U.S. at 687, 688, 694). Under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

Petitioner argues that his trial counsel's performance was deficient because he failed to advise petitioner that his no-contest pleas would result in consecutive 90-month sentences. Further, petitioner claims prejudice because had his trial counsel properly advised him of the full consequences of his no-contest pleas, there is a reasonable probability that petitioner would have

6 - OPINION AND ORDER

insisted on his right to trial. Petitioner asserts that the PCR court's rejection of this argument was unreasonable given the corroborating evidence, that is, petitioner's post-conviction expressions of surprise at the consecutive terms the court imposed. According to petitioner, the PCR court's denial "undermine[s] confidence in the outcome" of the case and was contrary to "clearly established federal law." See Williams, 529 U.S. at 390-91. I disagree with each of these arguments.

Petitioner has failed to establish that the rulings of the PCR court or the Court of Appeals were contrary to, or involved an unreasonable application of, the Strickland standard for ineffective assistance of counsel. The PCR court did not fail to apply the correct law. The PCR court expressly followed Strickland and addressed petitioner's ineffective assistance of counsel claim on the merits. Respondent's Ex. 127, p. 2. In making its factual determinations, the PCR court found that petitioner's two no-contest pleas were "knowing, voluntary, and intelligent," and his claim of not understanding the consecutive nature of the pleas was "not credible." Id. The Court of Appeals granted summary affirmance because the PCR court's finding was supported by evidence in the record. Respondent's Ex. 131.

I agree that petitioner fails to establish that Mr. Kohlmetz's representation was deficient or that it fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88.

7 - OPINION AND ORDER

The only evidence petitioner submitted to corroborate his claims were his own allegations that Mr. Kohlmetz failed to advise him that his no-contest pleas would result in consecutive 90-month sentences. Given the plea petition, the transcript of the plea colloquy, and Mr. Kohlmetz's affidavit, the PCR court's decision was not an unreasonable application of Strickland.

At the plea hearing, petitioner indicated he had read and discussed the plea petition - which he had signed - with his counsel. Respondent's Ex. 105, p. 2. Even if, as petitioner alleges, he did not understand the term "consecutive," the judge advised him during the plea colloquy that the first 90-day sentence "would then be followed by another 90-month sentence." Id. p. 6. Mr. Kohlmetz's affidavit also directly undermined petitioner's allegations, in that he stated he informed petitioner that, given the two victims, the State would not offer anything less than a 180-month sentence and the judge would be required under the plea contract to impose that same sentence. Respondent's Ex. 124, pp. 2-4. Petitioner failed to produce evidence undermining the reasonableness of the PCR court's ruling that his pleas were knowing and voluntary.

Likewise, given the seriousness of the charges, petitioner has produced no reliable evidence to show that it is reasonably probable that he would have proceeded to trial had Mr. Kohlmetz more clearly advised him that the pleas would result in consecutive

8 - OPINION AND ORDER

sentences. In particular, the trial judge clearly articulated that one 90-month sentence would follow the other, and petitioner proceeded with his no-contest pleas. Respondent's Ex. 105, p. 6. As such, petitioner has failed to establish prejudice. See Strickland, 466 U.S. at 694.

In sum, petitioner has failed to show that, under Strickland, his counsel's performance was deficient or that it prejudiced the defense. As such, the state courts' rulings present nothing remotely close to an unreasonable application of the law. Moreover, under the AEDPA, the PCR court's factual findings regarding petitioner's lack of credibility are entitled to this court's deference. Therefore, petitioner has failed to meet his "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## CONCLUSION

For the reasons set forth above, petitioner's petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (doc. 2) is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 2?- day of April, 2008.

*[signature]*
Ann Aiken
United States District Judge

9 - OPINION AND ORDER